**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Juan HEREDIA-PANTALEON,**
**Defendant-Appellant.**

**No. 15-50532**

United States Court of Appeals,
Ninth Circuit.

Submitted February 14, 2017 *

Filed February 21, 2017

---

Karla Davis, Helen H. Hong, Assistant U.S. Attorneys, Ajay Krishnamurthy, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Frank T. Morell, Esquire, Attorney, Chula Vista, CA, for Defendant-Appellant

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

## MEMORANDUM **

Juan Heredia-Pantaleon appeals from the district court's judgment and challenges the 30-month sentence and 3-year term of supervised release imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Heredia-Pantaleon contends that the government breached the parties' plea agreement at the sentencing hearing by implicitly suggesting that it did not support the stipulated two-level fast-track departure under U.S.S.G. § 5K3.1. This claim fails because the record reflects that, in its sentencing summary chart and at the sentencing hearing, the government stood by its recommendation that Heredia-Pantaleon receive the stipulated fast-track departure. The challenged statements were offered in response to Heredia-Pantaleon's request for additional downward departures, which the plea agreement permitted the government to oppose. *See United States v. Moschella*, 727 F.3d 888, 892 (9th Cir. 2013) (no breach where "the plea

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

agreement specifically authorized the government's arguments").

Heredia-Pantaleon next contends that the district court procedurally erred by basing its rejection of the fast-track departure on its desire to achieve a particular Guidelines range. This argument is belied by the record, which reflects that the court followed the proper sentencing procedure. *See United States v. Rosales-Gonzales,* 801 F.3d 1177, 1181-82 (9th Cir. 2015).

Heredia-Pantaleon finally contends that his sentence is substantively unreasonable in light of the district court's denial of his requests for fast-track and criminal-history departures and the 18 U.S.C. § 3553(a) sentencing factors. The court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The custodial sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including Heredia-Pantaleon's criminal and immigration history. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586. Moreover, the supervised release term is substantively reasonable in light of the need for deterrence. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valdavinos-Torres,* 704 F.3d 679, 693 (9th Cir. 2012).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.